*Court of Common Pleas, Dauphin County, February 14th, 1859.*

DAUPHIN AND SUSQUEHANNA COAL COMPANY *v.* DASHER
ET AL.

In an action on a bond for the faithful performance of a duty, no affidavit of defence is required, as it is not a bond for the payment of money.

BY THE COURT.—This suit is brought on three several bonds given by the defendants in certain penalties, conditioned that Dasher, one of the obligors, shall perform his duty as agent and

[Dauphin and Susquehanna Coal Company *v.* Dasher et al.]

clerk of the company during specified periods, and account for, and pay over to the plaintiff, at such times as shall be determined by its treasurer, all moneys received by him as agent and clerk of the company during the year. The penalty of the bonds amount to $4000; and it is averred in the narr that he did not well and faithfully perform his duties as clerk; but received the sum of four thousand dollars, and did not pay it over. The first question to be determined is, whether these are bonds for the payment of money within the 52d rule of court? If they are, it is very clear that the affidavit is entirely insufficient. It must be conceded that many obligations come within the rule of court, where extraneous matter has to be averred in the narr; and which must be taken as true, unless denied in the affidavit. An action may be supported against the drawer or indorser of a bill or note on averring demand, notice, protest, etc. So on a bond guaranteeing the payment of rent by a tenant to his landlord, on averring that he enjoyed the premises during the term. So on a promissory note payable on demand, by averring demand; and many other cases might be cited to the same effect. But in all these cases the bond, note, or other instrument is for the payment of a *certain sum*. It will scarcely be pretended that a bond given to perform the duties of the office of sheriff, justice of the peace, or constable comes within the rule, although part of the condition is to pay over all moneys collected, and it is averred that they have collected and failed to pay over certain sums. It is not a bond for the payment of money, but for the performance of a certain condition. It has been held that a forfeited replevin bond does not come within the rule, though assigned, and an averment that it is forfeited (7 Leg. Int. 39). So of a bail-bond (2 M. 405). So of an instrument payable at a future period, the consideration of which is executory (1 M. 324). But *quære de hoc.* The bonds in suit are considered mere obligations conditioned to perform certain duties as an agent, and not bonds for the payment of money. It is true one condition is that the agent shall pay over all money which he shall collect; but the affidavit would be equally necessary if the plaintiff complained that he had neglected to keep his books in good order, to start cars at the designated times, to give and receive proper bills of lading, see that a parcel was carefully forwarded, or perform any other duty devolving on the clerk or agent of a railroad or coal company. We are clearly of the opinion that no affidavit of defence was necessary in this case; and consequently no judgment can be lawfully demanded for want of a sufficient one.

*McCormick, for plaintiff.*

*Berryhill and Eckels, for defendant.*